STATE OF NORTH CAROLINA v. DANA ALDERMAN, EDDIE WHITAKER, CHARLES LEAK, AND ERNEST MARKHAM

No. 748SC955

(Filed 5 March 1975)

1. **Constitutional Law § 32— right to counsel — allowance of reasonable time to prepare defense**

    The right to assistance of counsel and the right to face one's accusers are guaranteed by the Sixth Amendment of the U. S. Constitution, which is made applicable to the states by the Fourteenth Amendment, and by Article I, §§ 19 and 23 of the N. C. Constitution; and the right to assistance of counsel includes the right of counsel to have a reasonable opportunity in the light of all the attendant circumstances to investigate, prepare, and present a defense.

2. **Criminal Law § 91— motion for continuance — failure to file supporting affidavits — excuse**

    Where counsel were notified of their appointment to represent four indigent defendants, each charged with two felony crimes on different dates, on the first day of the session, and on the same day, before the appointed counsel had had an opportunity to confer with

State v. Alderman

their clients, the trial court, over the objection of the appointed counsel, granted the motion of the State for a speedy trial of all defendants, ordered the consolidation of all charges for trial, and called the cases for trial on the following day, the appointed counsel were relieved of the burden of filing affidavits showing sufficient grounds for continuance resisting the State's motion for a speedy trial, particularly since counsel had no opportunity to file affidavits and the grounds for delay in trial were obvious and known to the court.

3. **Constitutional Law § 32— trial one day after appointment of counsel — right to counsel abridged**

Indigent defendants were denied their constitutional guarantee of the right to counsel where their attorneys were notified of appointment on the first day of the session and trial was scheduled for the next day.

APPEAL by defendants from *Browning, Judge.* Judgments entered 7 June 1974, in Superior Court, GREENE County. Heard in the Court of Appeals 23 January 1975.

Each of the four defendants was charged in separate bills of indictment with the same two criminal offenses as follows: (1) crime against nature with Raymond Thaxton on 16 May 1974, and (2) crime against nature with Harold Clark on 19 May 1974. All defendants and the alleged victims on the alleged dates of the offenses were confined to the Greene County Unit of the Department of Corrections, which is a minimum custody reception center where inmates are committed for diagnostic processing and then assigned to various units of the department. After the alleged dates, all of the defendants left the Greene County Unit and were transferred and assigned to the Goldsboro Youth Center in Wayne County, where they were served with warrants charging the two criminal offenses as aforesaid on Friday, 31 May 1974.

On Friday, 31 May 1974, defendants Whitaker, age 22, Leak, age 20, and Markham, age 19, appeared in the District Court, Greene County, and made affidavits of indigency; and the court appointed counsel for them. The defendant Alderman, age 19, made his affidavit of indigency the following Monday, 3 June 1974, in the Superior Court, and the court appointed counsel for him.

It appears that counsel who were appointed in the district court on 31 May 1974, were not advised of the appointment until the following Monday, 3 June 1974, the first day of the session of the Superior Court of Greene County; and counsel did not see their respective clients until that day.

On the opening day of the session, bills of indictment charging each of the four defendants with the two offenses were presented to the Grand Jury, and a true bill was returned on each charge. On this opening day after the indictments were returned by the Grand Jury, the State moved for a speedy trial of the two charges against each of the four defendants. Counsel for the defendants objected and excepted to the order of the trial court allowing speedy trial, all contending that they had not had an opportunity to confer with their clients and to prepare a defense.

All cases were called for trial after the noon recess on the following day, Tuesday, 4 June 1974, at which time, in the absence of a jury, counsel for all defendants made motions for severance, for continuance, for bill of particulars, and to quash the bills of indictment. All motions were denied. All defendants excepted.

The defendants were arraigned on the two stated charges and all entered pleas of not guilty. The jury was selected and empaneled by that afternoon, and thereupon the court ordered a recess. The trial was resumed the following morning.

The State's evidence consisted of the testimony of the alleged victims, Raymond Thaxton and Harold Clark, and the two other youthful offenders who were present in the barracks of the Greene County Unit at the times of the alleged offenses.

The defendants, Markham, Leak and Alderman each testified in their own behalf, and another inmate testified for the defendant Alderman. The defendant Whitaker did not offer evidence.

The jury returned verdicts of guilty on all charges, and from judgments imposing consecutive prison terms, all defendants appealed.

*Attorney General Edmisten by Associate Attorney Robert P. Gruber for the State.*

*Farris, Thomas & Farris by Robert A. Farris for defendant Dana Alderman.*

*Turner & Harrison by Fred W. Harrison for defendant Eddie Whitaker.*

*I. Joseph Horton for defendant Charles Leak.*

*William R. Jenkins for defendant Ernest Markham.*

CLARK, Judge.

[1]   The right to assistance of counsel and the right to face one's accusers and witnesses and other testimony are guaranteed by the Sixth Amendment of the Federal Constitution, which is made applicable to the states by the Fourteenth Amendment and by Article I, Sections 19 and 23 of the Constitution of North Carolina. *White v. Ragen,* 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348 (1945) ; *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520 (1948).

The right to be represented by an attorney necessarily includes a reasonable time for counsel to prepare defendants' cases. Ordinarily, a motion for continuance is addressed to the sound discretion of the trial judge and his ruling thereon is not subject to review on appeal, except in a case of manifest abuse. However, when the motion is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and the order of the court is reviewable. *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386 (1964).

The right to the assistance of counsel includes the right of counsel to have a reasonable opportunity in the light of all the attendant circumstances to investigate, prepare and present his defense. *State v. Speller,* 230 N.C. 345, 53 S.E. 2d 294 (1949).

[2]   Ordinarily, continuances should not be granted unless the reasons therefore are fully established and the motion is supported by an affidavit showing sufficient ground. *State v. Gibson, supra.* However, in this case, counsel were notified of their appointment to represent four indigent defendants, each charged with two felony crimes on different dates, on the first day of the session. On that same day, before the appointed counsel had had an opportunity to confer with their clients, the trial court, over the objection of the appointed counsel, granted the motion of the State for a speedy trial of all defendants, ordering the consolidation of all charges for trial, and calling the cases for trial on the following day. In these circumstances, the appointed counsel were relieved of the burden of filing affidavits showing sufficient grounds for continuance resisting the State's motion for a speedy trial, particularly since counsel had no opportunity to file affidavits and the grounds for delay in trial were obvious and known to the court. See, *Edgerton v. State of North Carolina,* 315 F. 2d 676 (1963) ; and *Fields v. Peyton,* 375 F. 2d 624 (1967).

The evidence for the State tends to show that the defendants forced the victims, one on the night of 16 May 1974, and the other on the night of 19 May 1974, to submit to intercourse per anus in the reception center dormitory where more than fifty inmates occupied double-decked bunks in rows about one and one-half feet apart. There was a dim ceiling light in the dormitory and a guard sat at a desk just outside the door, which was constructed of iron bars spaced about six inches apart.

Defendants testified that they had not committed any sexual acts with Thaxton, Clark or any other males.

[3] It is not *ipso facto* a denial of effective assistance because counsel were notified of their appointment and on the same day learned that the cases would be called for trial the following day. However, taking into consideration the ages of the defendants, the multiple charges on different dates, the probable transfer of possible witnesses from the reception center to other correctional units, and all the other circumstances, we find that the appointed counsel did not have a reasonable opportunity to investigate, prepare and present their defenses which is a violation of the constitutional guarantee of the right to counsel.

The convictions and sentences of all defendants are vacated and the actions are remanded for

New trial.

Chief Judge BROCK and Judge BRITT concur.