STATE OF NORTH CAROLINA v. STEPHEN LOUIS MOORE

No. 7824SC839

(Filed 6 February 1979)

**Criminal Law § 91.6; Constitutional Law § 44— seventeen days to prepare defense — continuance improperly denied**

The trial court erred in denying defendant's motion for continuance in order to prepare for trial since defendant's counsel moved for the continuance on the same day they were retained; counsel were retained seventeen days before the case was called for trial, and six of those days were Saturdays and Sundays; and counsel did not have a reasonable opportunity to investigate, prepare and present their defense.

APPEAL by defendant from *Howell, Judge*. Judgment entered 12 August 1977 in Superior Court, WATAUGA County. Heard in the Court of Appeals 10 January 1979.

Defendant was indicted upon two charges of kidnapping and two charges of assaulting an officer with a firearm on 24 February 1977. The charges were consolidated for trial. Upon conviction of all charges, judgments of imprisonment were entered.

On 25 February 1977, Banks Finger of the Watauga County bar was appointed as counsel for defendant. He did not initiate any discovery proceedings prior to 21 July 1977. On 21 July 1977, Triggs & Hodges, attorneys in Morganton, North Carolina, were retained as counsel for defendant. On that date Triggs filed a motion for continuance and motion for discovery. On 5 August 1977, Triggs filed notice of hearing on the discovery motions, motion for change of venue, motion to dismiss indictments, and notice of intent to rely on defense of insanity. The cases came on for trial 8 August 1977. On 5 August 1977, attorney Finger filed motion to be discharged as attorney for defendant. Attorney Triggs objected to this motion, arguing that he had moved for a continuance in the case and that if the continuance was not granted, then attorney Finger should remain in the case to assist in representation of defendant. The motion was allowed and attorney Finger discharged as counsel for defendant.

Next, defendant's motion for continuance was heard. Defendant presented evidence tending to show that he met one time with attorney Finger prior to preliminary hearing; a preliminary hearing was held; thereafter defendant did not meet with Finger to discuss the case or prepare for trial; Finger did not ask him what happened; on and after 21 July 1977 he met with Triggs several times; he told Triggs about several witnesses who were essential; some witnesses were from out of state or out of Watauga County; he did not have time to contact all of them; some of the witnesses concerned his psychiatric condition. Defendant attempted to have the assistant district attorney, Rusher, sworn to testify. The court did not require Rusher to be sworn but allowed him to answer Triggs' questions. Triggs stated that he was not prepared to try the case; that he had been in the case only seventeen days and six of those days were Saturdays or Sundays when the courthouse was closed; that he realized on 21 July 1977 he could not adequately prepare for trial by 8 August 1977 and, therefore, filed the motion on that date; the district attorney did not respond to the motion; the district attorney never

responded to Triggs' motion for discovery. Defendant's motion for continuance was denied.

Defendant appealed and argued twenty-one assignments of error.

*Attorney General Edmisten, by Associate Attorneys J. Chris Prather and Jane Rankin Thompson, for the State.*

*Triggs & Hodges, by C. Gary Triggs, for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant assigns as error the denial of his motion to continue. Continuances of cases are not favored in the law. Chief Justice Sharp, speaking for the Supreme Court in *Shankle v. Shankle,* 289 N.C. 473, 483, 223 S.E. 2d 380, 386 (1976), said:

> [B]efore ruling on a motion to continue the judge should hear the evidence pro and con, consider it judicially and then rule with a view to promoting substantial justice. The rule has been well stated as follows:

> "In passing on the motion the trial court must pass on the grounds urged in support of it, and also on the question whether the moving party has acted with diligence and in good faith. In reaching its conclusion the court should consider all the facts in evidence, and not act on its own mental impression or facts outside the record, although . . . it may take into consideration facts within its judicial knowledge . . . . The motion should be granted where nothing in the record controverts a sufficient showing made by the moving party, but since motions for continuance are generally addressed to the sound discretion of the trial court . . . a denial of the motion is not an abuse of discretion where the evidence introduced on the motion for a continuance is conflicting or insufficient. . . . The chief consideration to be weighed in passing upon the application is whether the grant or denial of a continuance will be in furtherance of substantial justice." [17 C.J.S. Continuances § 97 (1963).]

Ordinarily, such motions are addressed to the sound discretion of the trial judge and not subject to review absent abuse of discretion. *State v. Brower,* 289 N.C. 644, 224 S.E. 2d 551 (1976).

However, in criminal cases constitutional tests may arise on motions for continuance. Where a motion is based upon a right guaranteed by the federal or state constitutions, the question is one of law, and the ruling of the court is one of law and not of discretion and is reviewable on appeal. *State v. Harrill,* 289 N.C. 186, 221 S.E. 2d 325 (1976). Defendant argues the Sixth Amendment rights to production of witnesses and assistance of counsel. Similar provisions are contained in Article I, Sections 19 and 23, of the North Carolina Constitution.

Defendant's counsel filed the motion for continuance immediately after being retained. Defendant's evidence tended to show counsel knew they could not be prepared by the 8 August session of court. It was a period of only seventeen days, including three Saturdays and three Sundays. They had no opportunity to determine whether the State had any discoverable material. The disclosure on the trial date that the State had no such material, except the pistol, came too late to help defendant prepare his defense. Rusher did not communicate with defendant's counsel during this period.

Defendant's evidence tended to show defendant's counsel were unable to secure the attendance of several witnesses they considered material to defendant's defense. One was Susan Westfall, who had lived with defendant for some time. She and defendant had two children. They were not married. Susan had talked to defendant by telephone while the alleged crimes were being committed. About this date Susan had told defendant she was leaving him and taking their children. She had been to North Dakota to her mother's home.

In defendant's motion for continuance, one of the grounds was to secure a psychiatric evaluation of defendant. Defendant's family had a history of mental illness. Defendant had been receiving treatment at the Mental Health Center under Dr. Feldman and counsellor Lennie. The record is not clear whether this was before the alleged crime or after defendant's arrest. In either event, it indicates defendant may have been suffering from some mental or psychiatric condition that could have affected his defense.

The constitutional right to assistance of counsel necessarily includes that counsel should have a reasonable time to prepare

for trial. However, no set length of time for investigation, preparation and presentation is required and whether defendant is denied due process must be determined upon the basis of the circumstances in each case. *State v. Harris,* 290 N.C. 681, 228 S.E. 2d 437 (1976); *State v. Alderman,* 25 N.C. App. 14, 212 S.E. 2d 205, *cert. denied,* 287 N.C. 261, 214 S.E. 2d 433 (1975). "A continuance ought to be granted if there is an apparent probability that it will further the ends of justice." *State v. Gibson,* 229 N.C. 497, 502, 50 S.E. 2d 520, 524 (1948). Such probability arises upon the voir dire hearing in this motion. The denial of the motion to continue was prejudicial error. We cannot find beyond a reasonable doubt that it was harmless error. *Chapman v. California,* 386 U.S. 18, 17 L.Ed. 2d 705 (1967).

The trial court did not make any findings upon constitutional grounds but based its order solely upon the discretion of the court. We hold defendant's counsel, Triggs & Hodges, did not have a reasonable opportunity to investigate, prepare and present their defense, which is a violation of the constitutional guarantees of right to assistance of counsel. Under the circumstances of this case, seventeen days was not a reasonable time for defendant's counsel to comply with defendant's constitutional right to assistance of counsel in his defense. While the prompt trial of criminal cases is to be encouraged, we must not allow justice to fall into Charybdis in seeking to avoid Scylla. In preventing delays, "courts should not try cases with such speed as to raise a suspicion that 'wretches hang that jurymen may dine.'" *State v. Gibson, supra* at 502, 50 S.E. 2d at 525.

With this holding we do not discuss the other assignments of error, which may not occur upon retrial.

The conviction and sentences are vacated and the actions remanded for

New trial.

Chief Judge MORRIS and Judge CARLTON concur.