STATE OF NORTH CAROLINA v. JAMES ALFRED GARFIELD BUNCH, JR.

No. 916SC173

(Filed 21 April 1992)

1. **Criminal Law § 261 (NCI4th)— motions for continuance— insufficient time to prepare defense—denied**

The trial court did not abuse its discretion in a prosecution for kidnapping two deputies and possession of a stolen firearm

STATE v. BUNCH

[106 N.C. App. 128 (1992)]

by denying motions for a continuance from defendant's counsel on the ground that he had not had sufficient time to prepare due to his heavy trial schedule and from defendant after he discharged his attorney and elected to represent himself. Defendant had been in custody since June 1990 and counsel was appointed on 24 July 1990; the case was not called for trial until 17 September 1990, so that counsel had 55 days to prepare; neither defense counsel nor defendant asserted that they expected to present any witnesses or that defendant intended to testify; the state called only two witnesses; a copy of the statement of one had been previously supplied to counsel and the court ordered the prosecutor to supply counsel and defendant with a copy of the other before trial even though defendant was not entitled to the copy until after the witness's testimony; and defendant thoroughly cross-examined the two witnesses at trial. Even assuming the court erred in denying the motions, defendant failed to show error.

**Am Jur 2d, Continuance §§ 98, 107-109.**

2. **Kidnapping § 1.2 (NCI3d) — indictment — purpose of holding hostages — evidence sufficient**

The trial court properly denied defendant's motion to dismiss kidnapping charges where the indictments alleged that the kidnapping was for the purpose of holding the victims hostage, and the evidence was sufficient to support a finding that defendant unlawfully confined or restrained the officers as security for prevention of his arrest by other law enforcement authorities.

**Am Jur 2d, Abduction and Kidnapping §§ 20, 21, 29.**

APPEAL by defendant from judgments entered 19 September 1990 by *Judge Thomas Watts* in HERTFORD County Superior Court. Heard in the Court of Appeals 7 January 1992.

Defendant was charged in proper bills of indictment with possession of a stolen firearm and two counts of first-degree kidnapping. The State's evidence tended to show the following: On 18 April 1989, Deputy Sheriff Elizabeth Callis and Raymond Eure, both employees of the Hertford County Sheriff's Department, were transporting defendant and Juan Stephenson to different facilities to await trial. Both prisoners wore security belts and were handcuffed to the belts. The prisoners were then placed in the backseat

of a marked patrol car and seat belts were placed on them. Defendant was being transported to Central Prison in Raleigh.

After driving approximately three hours, Callis stopped at the intersection of Highway 158 and Highway 86. She looked to the left to check for oncoming traffic and when she turned back around, defendant was over the top of the frontseat with Callis' loaded .357 Magnum revolver in his hand. Defendant sat back in his seat and pointed the revolver at Callis. He ordered Callis to make the turn and to then pull over on the side of the road. He told Callis and Eure that if they would do as they were told, no one would get hurt. Defendant also stated that he had to get back to Hertford County "because he had some things he had to straighten out."

Defendant told Callis to put the car in park, turn off the ignition, and give him the keys. She did as she was told. Defendant unlocked his handcuffs and took off his security belt. He also unlocked one cuff on Stephenson's hand. Defendant exited the car, opened the front passenger door and ordered Eure to get out. He then forced Eure into the backseat behind the driver and handcuffed him. Defendant instructed Callis to move into the front passenger seat and defendant got into the driver's seat. He started the car and headed back toward Hertford County. Defendant held the gun between his legs.

Defendant told Eure that he needed Eure's shirt. Between Roxboro and Oxford, defendant pulled onto a "woods path." He drove approximately one hundred yards into a wooded area where there were no houses. Defendant ordered Eure to get out of the car and remove his shirt. Eure did so and gave the shirt to defendant. Defendant put it on. Then they both reentered the car which defendant backed down the path to the road. He continued driving toward Hertford County. As defendant was driving through Jackson, a police car pulled in behind them and followed them all the way through town before turning around.

Upon arriving in Hertford County, defendant drove down a road to what appeared to be an abandoned farm house with an old barn beside it. He parked the car behind the barn. Defendant ordered Callis and Eure out of the car and handcuffed them to the hinges of the trunk. Defendant put on a dark blue shirt which he had among his personal belongings. He and Stephenson then began walking toward the city of Union. After a few minutes,

Eure was able to remove his handcuff key from his pocket and unlock himself and Callis. Callis radioed for assistance and ten minutes later, police officers arrived.

Defendant was convicted of possession of a stolen firearm and two counts of first-degree kidnapping. He was sentenced to consecutive terms of ten years imprisonment for possession of the stolen firearm and thirty and twelve years for the two counts of kidnapping. From these judgments, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Julia F. Renfrow, for the State.*

*Kevin M. Leahy for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first argues the trial court erred in denying his motions to continue. On 11 September 1990, defense counsel filed a written motion to continue on the ground that counsel had not had sufficient time to prepare for trial due to his heavy trial schedule. On Monday, 17 September 1990, after the jury was selected, the trial court heard from defense counsel and denied the motion. Defendant then discharged his attorney and elected to represent himself. The trial court recessed in the early afternoon until Wednesday morning, 19 September 1990, in order to give defendant a chance to prepare. On Wednesday morning, defendant orally moved for a continuance and the trial court denied his motion. Defendant asserts that the trial court's denial of the two motions to continue infringed upon his constitutional right to effective assistance of counsel.

Even when filed in a timely manner pursuant to N.C. Gen. Stat. § 15A-952 (Cum. Supp. 1991), a motion for continuance is ordinarily left to the sound discretion of the trial court "whose ruling thereon is not subject to review absent an abuse of such discretion." *State v. Branch*, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982). However, when a motion for a continuance "raises a constitutional issue, the trial court's action upon it involves a question of law which is fully reviewable by an examination of the particular circumstances of each case." *State v. Searles*, 304 N.C. 149, 153, 282 S.E.2d 430, 433 (1981). But even where the motion raises a constitutional question, its denial "is grounds for a new trial only" when the defendant shows "that the denial was er-

roneous and also that his case was prejudiced as a result of the error." *Branch*, 306 N.C. at 104, 291 S.E.2d at 656. Our Supreme Court stated in *Branch*:

> The constitutional guarantees of due process, assistance of counsel and confrontation of witnesses unquestionably include the right of a defendant to have a reasonable time to investigate and prepare his case. No precise time limits are fixed, however, and what constitutes a reasonable length of time for the preparation of a defense must be determined upon the facts of each case.

*Id.* at 104-05, 291 S.E.2d at 656.

Here, the record reveals that defendant had been in custody since 18 June 1990 and counsel was appointed on 24 July 1990. The case was not called for trial until 17 September 1990. Thus, counsel had approximately 55 days to prepare for trial. In support of the motions to continue, neither defense counsel nor defendant asserted that they expected to present any witnesses on defendant's behalf, nor did either state that defendant intended to testify. The State called only two witnesses: Callis and Eure. A copy of Callis' statement had been previously supplied to counsel. The trial court ordered the prosecutor to supply counsel and defendant with a copy of Eure's statement before trial, even though defendant was not entitled to such copy until after Eure's testimony. At trial, defendant thoroughly cross-examined Callis and Eure. He presented no evidence.

After reviewing the record, we are unable to say that the trial court abused its discretion in denying the motions to continue. Furthermore, even assuming the trial court erred in denying the motions, defendant has failed to show how that error prejudiced his case.

[2] Defendant next argues the trial court erred by denying his motion to dismiss the kidnapping charges at the close of the State's evidence.

> On a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it. If there is substantial evidence — whether direct, circumstantial, or both — to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.

*State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 382-83 (1988) (citation omitted). "Substantial evidence" is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981). "The trial court must determine as a question of law whether the State has offered substantial evidence of defendant's guilt on every essential element of the crime charged." *Id.*

N.C. Gen. Stat. § 14-39 (Cum. Supp. 1991) provides in pertinent part:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

> > (1) Holding such other person for a ransom or as a hostage or using such other person as a shield.

Because "kidnapping is a specific intent crime, the State must prove that the defendant unlawfully confined, restrained, or removed the person for one of the . . . purposes set out in the statute." *State v. Moore*, 315 N.C. 738, 743, 340 S.E.2d 401, 404 (1986).

"The indictment in a kidnapping case must allege the purpose or purposes upon which the State intends to rely, and the State is restricted at trial to proving the purposes alleged in the indictment." *Id.* Here the indictments alleged that defendant unlawfully confined, restrained, and removed Eure and Callis from one place to another, without their consent, for the purpose of holding them as hostages. "[T]he term 'hostage' as used in G.S. § 14-39(a)(1) implies the unlawful taking, restraining, or confining of a person with the intent that the person, or victim, be held as security for the performance or forbearance of some act by a third person." *State v. Lee*, 33 N.C. App. 162, 165-66, 234 S.E.2d 482, 484 (1977). Defendant could have released Callis and Eure when he stopped in the wooded area near Roxboro, North Carolina if he had not intended to hold them as hostages to guarantee his escape would not be thwarted.

The evidence, viewed in the light most favorable to the State, was sufficient to support a finding that defendant unlawfully confined or restrained the officers as security for prevention of his arrest by other law enforcement authorities. This action constitutes

CAPRICORN EQUITY CORP. v. TOWN OF CHAPEL HILL BD. OF ADJUST.

[106 N.C. App. 134 (1992)]

holding others as hostages within the meaning of the kidnapping statute. The determination of defendant's guilt or innocence was therefore for the jury, and the trial court properly denied his motion to dismiss.

No error.

Judges PARKER and WALKER concur.