STATE OF NORTH CAROLINA v. VERNELLE LAFARRIS BULLOCK, SR.

No. COA04-665

(Filed 19 July 2005)

**1. Homicide— attempted voluntary manslaughter—doctrine of law of case**

Although defendant contends his conviction for attempted voluntary manslaughter must be vacated based on the fact that the offense does not exist under North Carolina law, the conviction was not supported by the bill of indictment, the conviction was not supported by the evidence, and the offense was never submitted to a jury, the previous opinion of the Court of Appeals in this case is dispositive of each of those arguments based on the doctrine of the law of the case.

**2. Sentencing— aggravating factor—victim suffered a serious injury that is permanent and debilitating—*Blakely* error**

Defendant's rights under the Sixth Amendment were violated by the improper enhancement of his sentence for attempted voluntary manslaughter based upon an aggravating factor found by the trial judge by a preponderance of the evidence rather than by a jury beyond a reasonable doubt, and this case is remanded for

a new sentencing hearing, because: (1) *Blakely v. Washington*, 542 U.S. —— (2004), provides that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt; (2) those portions of N.C.G.S. § 15A-1340.16(a),(b), and (c) which require trial judges to consider evidence of aggravating factors not found by a jury or admitted by defendant and which permit imposition of an aggravated sentence upon judicial findings of such aggravating factors by a preponderance of the evidence violate the Sixth Amendment; and (3) defendant's sentence was enhanced by an additional 34 and 41 months' imprisonment based on the aggravating factor found by the trial court that the victim of this offense suffered a serious injury that is permanent and debilitating.

Appeal by defendant judgment entered 14 July 2003 by Judge Ronald E. Spivey in Guilford County Superior Court. Heard in the Court of Appeals 7 March 2005.

*Roy A. Cooper, III, Attorney General, by Amy C. Kunstling, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Daniel R. Pollitt and Kelly D. Miller, Assistant Appellate Defenders, for defendant.*

MARTIN, Chief Judge.

On 28 September 2000, defendant was found guilty by a jury of attempted first degree murder and possession of a firearm by a felon; he thereafter pled guilty to having attained the status of an habitual felon. The charges arose out of an incident occurring on 29 April 2000 when defendant went to the home of his former wife and shot her four times. The trial court entered judgments sentencing defendant to a minimum of 313 months and a maximum of 385 months for attempted first degree murder; and a consecutive sentence, as an habitual felon, of a minimum of 110 months and a maximum of 141 months for possession of a firearm by a felon. Defendant appealed.

By an opinion filed 3 December 2002, a panel of this Court found no error with respect to defendant's conviction of possession of a firearm by a felon and his plea to having attained status as an habitual felon. *State v. Bullock*, 154 N.C. App. 234, 246, 574 S.E.2d 17, 24 (2002), *disc. review denied*, 357 N.C. 64, 579 S.E.2d 396, *cert. denied*,

—— U.S. ——, 157 L. Ed. 2d 231 (2003). With respect, however, to defendant's conviction of attempted first degree murder, this Court held that "because the indictment lacked the phrase 'malice afore-thought,' it failed to properly allege the crime charged." *Bullock*, 154 N.C. App. at 244, 574 S.E.2d at 23. Relying on the holding in *State v. Rainey*, 154 N.C. App. 282, 283, 574 S.E.2d 25, 26, *disc. review denied*, 356 N.C. 621, 575 S.E.2d 520 (2002), "that attempted voluntary manslaughter is (1) a crime in North Carolina, and, (2) a lesser-included offense of attempted first-degree murder," this Court arrested judgment on defendant's conviction of attempted first degree murder and remanded the case for entry of judgment of guilty of the lesser included offense of attempted voluntary manslaughter, and re-sentencing, since "the jury found defendant to have been guilty of all elements of attempted first degree murder, including specific intent, but" the indictment failed to support that offense. *Bullock*, 154 N.C. App. at 245-46, 574 S.E.2d at 24.

Upon remand, defendant's trial counsel was permitted to with-draw due to defendant's dissatisfaction with his services and new counsel was appointed. At defendant's re-sentencing hearing, the vic-tim testified that as a result of defendant's attack, she lost permanent sight in her left eye, requiring a prosthesis and preventing her from driving at night; suffers from severe headaches and seizures in her legs; can only open and close her right hand; is unable to cook because she cannot feel her right side and fears burning herself; and has short term memory problems. In addition, she testified that her children have suffered because their father told them that he did not shoot her, and so she had to "battle with them knowing that I was telling the truth."

After hearing the evidence, the trial court sentenced defendant

for the crime of attempted voluntary manslaughter, Class E of-fense, however enhanced to the sentence Class C as habitual felon, prior record Level IV. The Court, after reviewing the opin-ion and the factual basis from the Court of Appeals opinion and hearing from the victim in this case, will elect to find aggravating factor No. 19, the serious and permanent debilitating injury, and would elect under these circumstances to sentence him in the aggravated range to 167 to 210 months. The Court would note that the other sentence ran at the expiration of this sentence. The Court would, of course, give him credit on this first sentence for any time served awaiting this hearing.

The trial court entered judgment accordingly, sentencing defendant to a minimum term of 167 months and a maximum term of 210 months, to begin at the expiration of defendant's sentence as an habitual felon for possession of a firearm by a felon. Defendant again appeals.

---

[1] Defendant argues that his conviction for attempted voluntary manslaughter must be vacated because (1) the offense does not exist under North Carolina law, (2) the conviction was not supported by the bill of indictment, (3) the conviction is not supported by the evidence, and (4) the offense was never submitted to a jury. The previous opinion of this Court in this case is dispositive of each of those arguments. "According to the doctrine of the law of the case, once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question both in subsequent proceedings in a trial court and on subsequent appeal." *State v. Boyd*, 148 N.C. App. 304, 308, 559 S.E.2d 1, 3 (2002) (quoting *Weston v. Carolina Medicorp, Inc.*, 113 N.C. App. 415, 417, 438 S.E.2d 751, 753 (1994)). The previous decision of this Court mandating entry of judgment of conviction of attempted voluntary manslaughter and requiring defendant's re-sentencing for that offense is the law of the case. Therefore, these assignments of error are overruled.

[2] Defendant also asserts that his sentence for attempted voluntary manslaughter was enhanced based upon an aggravating factor found by the trial judge by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt, and therefore violates his rights under the Sixth Amendment to the United States Constitution. In *Blakely v. Washington*, the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 542 U.S. ——, 159 L. Ed. 2d 403, 412 (2004) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000)). Our North Carolina Supreme Court applied the rule in *Blakely* to our structured sentencing scheme and determined that "statutory maximum" is equivalent to "presumptive range." *State v. Allen*, 359 N.C. 425, 437, —— S.E.2d ——, —— (July 1, 2005) (No. 485PA04). Further interpreting *Blakely*, our Supreme Court has held that "those portions of N.C.G.S. § 15A-1340.16.(a),(b), and (c) which require trial judges to consider evidence of aggravating factors not found by a jury or admitted by the defendant and which permit imposition of an aggravated sentence upon judicial findings of such aggravating factors by a preponderance of the evidence" violate the

**STATE v. BULLOCK**

[171 N.C. App. 763 (2005)]

Sixth Amendment, *id.* at 438-39, —— S.E.2d at ——, and that such *Blakely* errors are structural errors and are, therefore, reversible *per se. Id.* at 444, —— S.E.2d at ——. Because defendant's sentence for attempted voluntary manslaughter was enhanced by an additional 34 and 41 months imprisonment based on the aggravating factor made by the trial court, that "the victim .of this offense suffered a serious injury that is permanent and debilitating," we must remand for a new sentencing hearing. In light of our decision, we need not address defendant's other arguments regarding his re-sentencing.

Remanded for a new sentencing hearing.

Judges HUDSON and JACKSON concur.