STATE OF NORTH CAROLINA v. VERNELLE LAFARRIS BULLOCK, SR.

No. COA04-665-2

(Filed 5 June 2007)

### 1. Sentencing— *Blakely* error—evidence overwhelming and uncontroverted—no prejudicial error

There was no prejudice from a *Blakely* sentencing error where the evidence was so overwhelming and uncontroverted that any rational fact-finder would have found this aggravating factor beyond a reasonable doubt.

### 2. Criminal Law— resentencing—change of counsel—continuance denied—preparation time reasonable

The trial court did not err by denying a continuance for defendant's resentencing after his counsel was replaced where fifty-six days passed between the appointment of new counsel and the hearing, the new counsel met defendant for the first time on the day of the hearing, and the new counsel moved for a continuance to research whether sentencing defendant for attempted voluntary manslaughter was an ex post facto violation. Defendant's resentencing hearing was not unusual or complex, the ex post facto issue had already been decided by the Court of Appeals, and fifty-six days was a reasonable time to prepare for the resentencing hearing.

### 3. Sentencing— amendments—changes in sequence—not a correction of clerical error

The amendment of a judgment was vacated where defendant was not present and at least some of the changes were not corrections of clerical errors. Another amended judgment was vacated where the court changed the sequence of sentences.

### 4. Sentencing— remand—sequence of sentences

In an ancillary issue, there was no inherent defect in a judgment necessitating amendment where the judgment was on remand and the Department of Correction had sent a letter to the Clerk of Superior Court suggesting that the sequence of sentences was improper after the remand. The North Carolina Supreme Court in another case ordered the result which DOC here identified as improper.

**STATE v. BULLOCK**

[183 N.C. App. 594 (2007)]

Upon remand from the North Carolina Supreme Court, appeal by defendant from judgment entered 14 July 2003 by Judge Ronald E. Spivey in Guilford County Superior Court.

*Roy Cooper, Attorney General, by Amy C. Kunstling, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Daniel R. Pollitt and Kelly D. Miller, Assistant Appellate Defenders, for defendant.*

MARTIN, Chief Judge.

This case comes before us on remand from the North Carolina Supreme Court in order that we may reexamine the issue of sentencing in light of its recent decision in *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied*, —— S. Ct. ——, —— L. Ed. 2d —— (2007). The Court in *Blackwell* held that according to *Washington v. Recuenco*, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006), the failure to submit a sentencing factor to the jury is subject to harmless error review. *Blackwell*, 361 N.C. at 44, 638 S.E.2d at 455. We now review the issue of whether the error in defendant's sentencing, as determined in our previous opinion, was harmless, or whether defendant is entitled to a new sentencing hearing.

[1] Defendant asserts that his sentence for attempted voluntary manslaughter was enhanced based upon an aggravating factor found by the trial judge by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt, and therefore violates his rights under the Sixth Amendment to the United States Constitution. In *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 542 U.S. at 301, 124 S. Ct. at 2536, 159 L. Ed. 2d at 412 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000)). In the present case, defendant's sentence was enhanced by an additional term of imprisonment based on the aggravating factor that "[t]he victim of this offense suffered serious injury that is permanent and debilitating" which was found by the trial court and not by a jury. Thus, the trial court committed error under *Blakely*.

According to *Blackwell*, *Blakely* error is subject to the harmless error analysis set forth in *Neder v. United States*, 527 U.S. 1, 9, 119 S. Ct. 1827, 1834, 144 L. Ed. 2d 35, 47 (1999). *See Blackwell*, 361 N.C. at 49, 638 S.E.2d at 458. *Neder* requires this Court to "determine from

the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." *Id.*

The uncontroverted testimony at the resentencing hearing revealed that the victim permanently lost her sight in her left eye and had to get a prosthetic eye, has severe migraine headaches, has seizures in both of her legs, has no control at all in her right hand, and has no feeling in her right side or the bottom of her feet. The victim further testified that she can no longer cook or drive at night, and she has trouble remembering things. This evidence is so overwhelming and uncontroverted that any rational fact-finder would have found that the victim suffered a serious injury that is permanent and debilitating beyond a reasonable doubt. Accordingly, the error is harmless.

Because we remanded for resentencing on the *Blakely* error in our earlier opinion, *State v. Bullock*, 171 N.C. App. 763, 767, 615 S.E.2d 337, 339 (2005), we did not address defendant's remaining two assigned errors regarding his first resentencing on the attempted voluntary manslaughter conviction. We address those issues now.

[2] Defendant argues that the trial court erroneously denied his motion to continue. In May 2003, the public defender moved to withdraw from representation of defendant. The motion was granted and attorney Donald Murphy was appointed to represent defendant at the new sentencing hearing. In the fifty-six days between Murphy's appointment and the 14 July 2005 resentencing hearing, Murphy did not contact, communicate with, or meet defendant. Murphy first met defendant on the day of the resentencing hearing, talked with him for about five minutes, and moved to continue the case on the ground that he was not prepared. Murphy indicated that he needed more time to research whether sentencing defendant for attempted voluntary manslaughter constituted an *ex post facto* violation. This Court's opinion from 3 December 2002 directed the trial court to resentence defendant for attempted voluntary manslaughter and required the trial court to comply with its mandate. *State v. Bullock*, 154 N.C. App. 234, 245, 574 S.E.2d 17, 24 (2002). Defendant's motion to continue was denied.

Defendant assigned error to the denial of the motion to continue, alleging that the denial violated his constitutional rights because "[t]he constitutional right to assistance of counsel necessarily includes that counsel should have a reasonable time to prepare

for trial." *State v. Moore*, 39 N.C. App. 643, 646-47, 251 S.E.2d 647, 649 (1979). "[W]hen a motion for a continuance 'raises a constitutional issue, the trial court's action upon it involves a question of law which is fully reviewable by an examination of the particular circumstances of each case.' " *State v. Bunch*, 106 N.C. App. 128, 131, 415 S.E.2d 375, 377 (1992) (quoting *State v. Searles*, 304 N.C. 149, 153, 282 S.E.2d 430, 433 (1981)). A defendant must show both that the denial of the motion was error and that it was prejudicial. *Id.* at 131-32, 415 S.E.2d at 377.

Defendant argues that the trial court erred because defense counsel "did not have a reasonable opportunity to investigate, prepare and present" defendant's case. *Moore*, 39 N.C. App. at 647, 251 S.E.2d at 650; *State v. Alderman*, 25 N.C. App. 14, 18, 212 S.E.2d 205, 208 (1975). Here, defense counsel was given fifty-six days to prepare for the resentencing hearing on the limited issue of resentencing defendant for attempted voluntary manslaughter. In a factually similar case, this Court upheld a trial court's denial of a motion to continue where defense counsel had fifty-five days to prepare for trial. *Bunch*, 106 N.C. App. at 132, 415 S.E.2d at 377-78. Accordingly, fifty-six days was a reasonable time for defense counsel to prepare for the resentencing hearing.

Defendant further argues that defense counsel's complete lack of preparation or even basic understanding about the case required the court to grant the motion based on the principle that "[a] continuance ought to be granted if there is an apparent probability that it will further the ends of justice." *Moore*, 39 N.C. App. at 647, 251 S.E.2d at 650 (quoting *State v. Gibson*, 229 N.C. 497, 502, 50 S.E.2d 520, 524 (1948)). Additionally:

> In determining whether to grant a continuance, the trial court should consider, *inter alia*, the following factors:
>
> (1) Whether the failure to grant a continuance would be likely to result in a miscarriage of justice;
>
> (2) Whether the case taken as a whole is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that more time is needed for adequate preparation.

*State v. Rogers*, 352 N.C. 119, 124, 529 S.E.2d 671, 674 (2000) (citing N.C. Gen. Stat. § 15A-952(g)). Defendant's resentencing hearing was not unusual or complex. Even if defendant could successfully make

the argument that justice required a continuance due to his attorney's failure to use the time allotted to prepare for the hearing, defendant has not shown prejudice from the alleged error. Defense counsel asked for a continuance in order to research the issue of whether resentencing defendant for attempted voluntary manslaughter was an *ex post facto* violation, but this issue had already been decided by the Court of Appeals. *See Bullock*, 171 N.C. App. at 766, 615 S.E.2d at 338; *Bullock*, 154 N.C. App. at 246, 574 S.E.2d at 24. Defendant gave no other plausible reason how counsel's additional preparedness would have resulted in a lighter sentence for defendant. Thus, the trial court's denial of the motion to continue was not error.

[3] Next, defendant argues that the two amended judgments entered by the trial court after the 14 July 2003 hearing were unlawfully entered *ex parte* out of defendant's presence and out of session after filing of notice of appeal and are erroneous in law. The facts relevant to this issue are briefly recounted as follows.

At the resentencing hearing on 14 July 2003, the trial court sentenced defendant to 167 to 210 months for the attempted voluntary manslaughter conviction. Also at the hearing, the court noted that the sentence for the possession of a firearm by a felon and habitual felon convictions would run at the expiration of the sentence for attempted voluntary manslaughter, and the court indicated that it would give defendant credit on the first sentence for any time served awaiting the hearing. Defendant also filed notice of appeal on this day.

On 15 July 2003, the trial court entered the new judgment for the attempted voluntary manslaughter conviction. The judgment gave defendant 1172 days credit for prior confinement and did not make any notation as to the sequence in which defendant would serve his sentences. However, when read with the 28 September 2000 judgment on the firearm and habitual felon charges, it was apparent that the sentence for attempted voluntary manslaughter was to be served first and the other sentence would run at its expiration.

On 31 July 2003, the trial court entered an amended judgment for the firearm and habitual felon convictions. The amended judgment differed from the original judgment in three respects: the court did not check the box adjudging defendant to be an habitual felon, the court noted that defendant had been resentenced on the attempted voluntary manslaughter conviction, and the box indicating that the court did not recommend work release was not checked, as it had been on the earlier judgment.

The North Carolina Department of Correction ("DOC") notified the Clerk of Superior Court on 22 August 2003 of a problem with defendant's sentences. According to DOC, "[d]ue to judgment [on the attempted first degree murder conviction] having been arrested on the 23rd day of December 2002 and the Court of Appeals having found no error on [the sentence for the firearm and habitual felon convictions], we have to make judgment [on the firearm and habitual felon convictions] begin the date of conviction of 9-28-00 because he no longer had a sentence . . . to run expiration to." DOC also noted that the amount of jail time for which defendant received credit needed to be corrected to reflect this sequence of sentencing.

The trial court entered an amended judgment on 5 September 2003 on the attempted voluntary manslaughter conviction with the following changes: defendant received zero days of credit for time served, and the sentence was ordered to begin at the expiration of the sentence for the other convictions. The 31 July 2003 judgment on the other convictions remained in effect, with the notation that the sentence would run at the expiration of the sentence for attempted voluntary manslaughter.

Defendant argues that the 31 July 2003 and the 5 September 2003 judgments are error because they were entered *ex parte* out of defendant's presence and out of session after filing of notice of appeal. He cites a defendant's right to be present during sentencing, the trial court's lack of jurisdiction to modify the judgment after a notice of appeal has been filed, and the trial court's lack of jurisdiction to modify a judgment after the adjournment of the session. *See State v. Crumbley*, 135 N.C. App. 59, 66, 519 S.E.2d 94, 99 (1999) (noting that defendant has a right to be present when the sentence is imposed); *State v. Davis*, 123 N.C. App. 240, 242, 472 S.E.2d 392, 393 (1996) ("The general rule is that the jurisdiction of the trial court is divested when notice of appeal is given, except that the trial court retains jurisdiction for matters ancillary to the appeal . . . ."); *State v. Bonds*, 45 N.C. App. 62, 64, 262 S.E.2d 340, 342 (1980) ("In general, a trial court loses jurisdiction to modify a judgment after the adjournment of the session."). *But see State v. Morgan*, 108 N.C. App. 673, 676, 425 S.E.2d 1, 2-3 (1993) (limiting the general proposition articulated in *Bonds* as applied to motions for appropriate relief). The State argues " 'a court of record has the inherent power to make its records speak the truth and, to that end, to amend its records to correct clerical mistakes or supply defects or omissions therein' . . . ." *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (quoting

*State v. Davis*, 123 N.C. App. 240, 242-43, 472 S.E.2d 392, 393 (1996)). "Furthermore, in the exercise of power to amend the record of a court, the court is only authorized to make the record correspond to the actual facts and cannot, under the guise of an amendment of its records, correct a judicial error or incorporate anything in the minutes except a recital of what actually occurred." *State v. Cannon*, 244 N.C. 399, 404, 94 S.E.2d 339, 342 (1956). The State characterizes the 31 July 2003 and the 5 September 2003 amendments as correcting clerical errors. Defendant argues that the changes exceed the scope of clerical errors and notes "[w]here there has been uncertainty in whether an error was 'clerical,' the appellate courts have opted to 'err on the side of caution and resolve [the discrepancy] in the defendant's favor.'" *Jarman*, 140 N.C. App. at 203, 535 S.E.2d at 879 (citation omitted) (alteration in original).

We shall address each of the amended judgments separately. With respect to the 31 July 2003 judgment, the trial court altered three aspects from the September 2000 judgment on the firearm and habitual felon convictions. The court did not check the box adjudging defendant to be an habitual felon, the court noted that defendant had been resentenced on the attempted voluntary manslaughter conviction, and the box indicating that the court does not recommend work release was no longer checked. It is obvious that at least the first and last changes were not corrections of clerical errors. Therefore, we vacate the 31 July 2003 amended judgment.

With respect to the 5 September 2003 judgment, the trial court amended defendant's judgment on the attempted voluntary manslaughter conviction, pursuant to a letter from DOC, so that it would run at the expiration of the sentence on the other convictions. The court also adjusted the credit for time served, applying time served first to the firearm and habitual felon sentence and giving defendant no credit toward the attempted voluntary manslaughter sentence. The question before us is whether the court was correcting a clerical error in switching the sequence of the sentences. In previous cases, this Court has held that the trial court may correct the credit given for time served as a "clerical error," *Jarman*, 140 N.C. App. at 204, 535 S.E.2d at 879, but a court may not alter a judgment to add the notation that the sentences must be served consecutively, when the effect of initially omitting the notation had caused the sentences to run concurrently. *Crumbley*, 135 N.C. App. at 67, 519 S.E.2d at 99. The improper sequencing of the sentences is more closely analogous to a judicial error because the error is not one that is revealed

by the record. In a close case such as this one, we also defer to the general principle that doubt about whether an error is clerical should be resolved in defendant's favor. Accordingly, we vacate the trial court's 5 September 2003 amended judgment.

[4] This appeal raises an ancillary issue through DOC's letter to the Clerk of Superior Court suggesting that the trial court's 15 July 2003 judgment on the attempted voluntary manslaughter conviction was improper. Accordingly, defendant argues that we should remand this case for a new sentencing hearing, while the State asks us to order the trial court to correct the error. We fail to see how the trial court's 15 July 2003 judgment entered upon the defendant's conviction of attempted voluntary manslaughter charge was improper. DOC wrote that the firearm sentence must be served first because defendant's attempted first degree murder sentence was vacated and remanded for resentencing as attempted voluntary manslaughter. We note a decision from our Supreme Court that ordered the very result which DOC identified as improper. In *State v. Thompson*, the Supreme Court vacated a judgment and remanded for resentencing, noting that the sentence to be served in the companion case "will commence, as provided therein, at the expiration of the sentence imposed by the (new) judgment [in the case remanded for resentencing]." 268 N.C. 447, 449, 150 S.E.2d 781, 782, (1966). Since we find no inherent defect in the 15 July 2003 judgment necessitating amendment, we affirm the judgment ordering defendant to serve the sentence for attempted voluntary manslaughter first and awarding defendant 1172 days credit for time served while awaiting sentencing upon that charge. The sentence entered upon defendant's conviction of possession of firearm by a felon and habitual felon will commence at the expiration of the sentence imposed on 15 July 2003 for attempted voluntary manslaughter.

Except as herein modified, the opinion filed by the Court on 19 July 2005 remains in full force and effect.

No error on aggravating factor and denial of motion to continue; 31 July 2003 and 5 September 2003 amended judgments vacated.

Judges JACKSON and STROUD concur.