## STATE v. HENRY WEBB.

### *Larceny—Landlord and Tenant.*

1. An indictment for larceny will lie against a lessee or cropper for secretly appropriating the crop to his own use, where his actual possession thereof has terminated by a delivery to the landlord. *Copeland's* case, 86 N. C., 691.

2. In such case, he commits a trespass upon the landlord's possession in taking the property, and is guilty of larceny in secretly carrying it away, notwithstanding his interest in the same.

(*State* v. *Copeland*, 86 N. N., 691, cited and approved.)

INDICTMENT for larceny tried at Fall Term, 1882, of DUR-HAM Superior Court, before *Shipp, J.*

The defendant, together with one Thomas, was indicted for stealing wheat, the property of one Cannady. The wheat was grown upon the land of the prosecutor, with whom the said Thomas worked as a cropper, and was to have an interest in the crop. After the wheat had been harvested and threshed, and before any division took place, it was stored by the prosecutor in a house on the premises, the door locked and the key kept by him. On the next day a portion of it was taken secretly by the defendant and Thomas and carried to a mill in the neighborhood, where it was found and identified.

The defendant's counsel asked the judge to instruct the jury that, inasmuch as Thomas was a cropper and had an interest in the wheat, he could not be guilty of larceny, although he may have taken it with a dishonest intent, and neither could the defendant be guilty of that offence for aiding and assisting him in taking it, as he was only assisting the owner of the property to take the possession thereof.

The judge declined to give this instruction and the defendant excepted. Verdict of guilty, judgment, appeal of defendant.

*Attorney General* for the State.
No counsel for the defendant.

RUFFIN, J. In *Copeland's case*, 86 N. C., 691, the court held that a cropper, while in the actual possession of the crop made upon the premises, could not be guilty of larceny by secretly appropriating a portion thereof to his own use. We felt driven to this conclusion by a consideration of the well established principle, that to constitute a larceny, the *taking* must be such as amounts to a *trespass.*

Every larceny includes a trespass; and if there be no trespass in taking the goods, there can be no felony committed in carrying them away. 2 East, P. C. 554; 1 Hawk., P. C. ch. 33, § 1; 1 Russell, 95.

When therefore the statute known as the "Landlord and Tenant Act" (1876–'77, ch. 283) enacted that, though the crops raised on the land should be deemed to be vested in the landlord, the *actual possession* thereof should be in the cropper, and, in case of its being taken away, gave him a remedy by claim and delivery, it seemed to us impossible to determine otherwise than we did, without doing violence to every analogy of the law. Is it not utterly incongruous to say that one can commit a larceny of goods already in his actual possession, and which the law recognizes as his, so far as to give him a remedy, even against the landlord, should his possession be disturbed?

But, as was said in that case, a different rule obtains whenever the actual possession of the cropper has terminated by a delivery of the property to the custody and keeping of the landlord. In such case, notwithstanding the cropper's interest in the property, he may still commit a trespass upon the possession of the landlord in taking the property, and consequently may be guilty of larceny in carrying it away, if done secretly and feloniously— as is clearly shown to have been done in the instance of this defendant.

There is no error. Let this be certified, &c:

No error. Affirmed