STATE OF NORTH CAROLINA v. TONY MARTIN BAILEY

No. 7426SC1039

(Filed 16 April 1975)

1. Larceny § 1— element of trespass
      An act of trespass is an essential element in the crime of larceny.

2. Larceny § 7— furniture in trailer — defendant in lawful possession — no trespass — nonsuit proper
      The trial court erred in denying defendant's motion for nonsuit in a prosecution for larceny of furniture where the evidence tended to show that defendant rented a trailer furnished by the landlord for six months, the furniture was in the trailer for defendant's use and enjoyment, defendant had complete access as well as control over it

State v. Bailey

by virtue of his tenancy even though title remained in the landlord, and defendant therefore was in lawful possession of the furniture at the time of the taking.

APPEAL by defendant from *Kivett, Judge.* Judgment entered 7 August 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 February 1975.

Defendant was tried on a bill of indictment charging him with the larceny of certain goods valued at $398.00 and belonging to W. A. Myers, Jr.; to wit, one two-piece living room suite, one five-piece dinette suite, three tables, one box spring and mattress set, and one bed frame.

At trial the State presented evidence tending to show that Mae Myers and her husband, W. A. Myers, Jr., were the owners of a mobile home park. On 11 October 1973, Mrs. Myers rented a mobile home to defendant and Sherry Hager for $32.00 per week, payable each week in advance. The mobile home in question was referred to as "trailer #5" and described as furnished with a mattress and box springs in each bedroom; a couch, chair, and three tables in the living room; and a dinette set consisting of a table and four chairs in the kitchen area. Each mobile home in the park was furnished, and Mr. Myers bought the furniture contained in trailer # 5. On or about 26 April 1974, Mrs. Myers visited trailer #5 to see about the rent which had not been paid in two weeks. According to Mrs. Myers, all of the furniture which was in the trailer when it was rented in October of 1973 was still there on April 26. At that time she discussed the rent with Sherry Hager but did not receive it. Mrs. Myers testified that she just asked for the rent and did not tell them to move out or to remove themselves from the premises. Neither Mrs. Myers nor her husband gave defendant permission to take the furniture, and, according to them, the furniture was not taken from the trailer until 28 April 1974.

Around 1:30 a.m. on 28 April 1974, Barbara Solesby, who lived in a trailer next to defendant's, heard some noises and saw defendant along with some other boys come out of trailer #5 carrying a bed, box springs, mattress and frame, a living room suite, a dining room suite, and tables. Later that morning she told Mrs. Myers that the neighbors had moved out, taking the furniture. Mrs. Myers returned to the trailer on 28 April and discovered that the furniture was gone with the exception of one bed.

Charles Collins, a member of the Mecklenburg County Police Department, questioned defendant about the furniture, and defendant told him there was a possibility that he could have taken some items belonging to Mr. Myers.

Evidence for defendant tended to show that in October 1973 Claud A. Bailey sold defendant some furniture and delivered it to defendant's trailer. Bailey testified that he helped to move this furniture into the trailer and that he, Mrs. Myers, and defendant then placed the Myers' furniture on a truck owned by Clarence Keller and delivered it to a small storage house some one hundred yards from defendant's trailer. To the same effect was testimony from Sherry Hager. Clarence Keller testified that defendant borrowed his truck in late October 1973 for the purpose of moving furniture.

The jury found defendant guilty of larceny of property valued more than $200.00, and from a judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*David R. Badger, for defendant appellant.*

MARTIN, Judge.

The bill of indictment clearly charged defendant with the offense of larceny. It was necessary, therefore, for the State to establish the elements of larceny by sufficient competent evidence.

Defendant contends that the evidence, considered in a light most favorable to the State, might sustain a conviction under G.S. 14-168.1 for misdemeanor conversion of property by a tenant but that such evidence does not support a conviction for felonious larceny. This is so, he argues, because there is no evidence of a taking by trespass.

G.S. 14-168.1 provides that "[e]very person entrusted with any property as bailee, lessee, tenant or lodger, or with any power of attorney for the sale or transfer thereof, who fraudulently converts the same, or the proceeds thereof, to his own use, or secretes it with a fraudulent intent to convert it to his own use, shall be guilty of a misdemeanor."

[1]  "Larceny is a common law offense, defined as the felonious taking by trespass and carrying away by any person of the goods or personal property *of another,* without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use. *State v. McCrary,* 263 N.C. 490, 139 S.E. 2d 739 (1965)." *State v. Wooten,* 18 N.C. App. 652, 197 S.E. 2d 614 (1973). "Every larceny includes a trespass; and if there be no trespass in taking the goods, there can be no felony committed in carrying them away." *State v. Webb,* 87 N.C. 558. An act of trespass, therefore, is an essential element in the crime of larceny. Indeed, it was because of this requirement that embezzlement statutes were enacted. Thus, it has been said that "[t]he only difference . . . between larceny and embezzlement is that in the former there must be a trespass, while in the latter that is not necessary." *State v. McDonald,* 133 N.C. 680, 45 S.E. 582 (1903). At the risk of belaboring the distinction, we find it stated in the following succinct manner:

> "Ordinarily, a basic distinction between the two offenses is that in embezzlement the property comes lawfully into the possession of the offender, and is subsequently unlawfully appropriated by him, whereas in larceny the offender, instead of having prior lawful possession of the property, takes it unlawfully in the first instance, thereby committing a trespass against another's possession." Annot., 146 A.L.R. 532, 541 (1943).

In response to defendant's contention that no trespass was committed in the taking, the State argues that defendant's lawful possession of the furniture ended with his abandonment of the leasehold so that a trespass was committed at the time of the taking. In the present case, the State's argument beclouds the issue. The issue is whether defendant was in lawful possession of the furniture at the time it was allegedly taken and carried away by him. If he was in lawful possession then there was no trespass in the taking and, hence, no larceny at common law.

[2]  It is all too clear that defendant was in lawful possession of the furniture at the time of the taking. As distinguished from legal or lawful possession, it is stated that one having the mere custody of personal property of another may be found guilty of larceny where he feloniously appropriates the property to his own use. Annot., 125 A.L.R. 367 (1940). However, here the

furniture was in the trailer for defendant's use and enjoyment, and he had complete access as well as control over it by virtue of his tenancy even though title remained in the landlord. Defendant's possession lasted over six months, and it cannot be said that he only had mere custody of the furniture. There is no evidence that defendant initially acquired possession of the furniture with the intent to convert it to his own uses. "Generally one who lawfully acquired possession of the goods or money of another cannot commit larceny by feloniously converting them to his own use, for the reason that larceny, being a criminal trespass on the right of possession, . . . , cannot be committed by one who, being invested with that right, is consequently incapable of trespassing on it." 52A C.J.S., Larceny, § 31, p. 458.

There being no evidence of a taking by trespass, the defendant's motion for nonsuit of the charge of larceny should have been allowed.

Reversed.

Chief Judge BROCK and Judge VAUGHN concur.