STATE OF NORTH CAROLINA v. EDWARD EARL DANIELS

No. 793SC521

(Filed 6 November 1979)

**Larceny § 1; Indictment and Warrant § 17.1— larceny by employee charged—conviction of common law larceny improper**

Where defendant was charged with larceny by an employee pursuant to G.S. 14-74, he could not be convicted of common law larceny, since the two offenses are wholly separate offenses, each requiring different evidentiary showings.

APPEAL by defendant from *Rouse, Judge*. Judgment entered 8 December 1978 in Superior Court, PITT County. Heard in the Court of Appeals on 17 October 1979.

Defendant was charged in a bill of indictment as follows:

[O]n or about the 27th day of July, 1978, in Pitt County Edward Earl Daniels unlawfully and wilfully did feloniously while being an employee of Eastern Lumber and Supply Co., Inc., . . . take, steal and carry away and convert to his own use one hundred (100) CM 7629AE hinges, having a value of $52.40, delivered to him to be kept for the use of . . . his employer.

Upon defendant's plea of not guilty, he was tried before a jury and found guilty of "larceny." From a sentence imposing 18 to 24 months' imprisonment, he appealed.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Willis A. Talton for defendant appellant.*

HEDRICK, Judge.

When we consider the record on appeal — the indictment, the verdict and the judgment — we find fatal error. The defendant was charged in the bill of indictment with larceny by an employee, G.S. § 14-74. The jury found him guilty of "larceny," and the judgment recites that he was convicted of "misdemeanor larceny."

It is hornbook law that "an indictment will not support a conviction for a crime all the elements of which crime are not accurately and clearly alleged in the indictment." *State v. Perry,* 291 N.C. 586, 592, 231 S.E. 2d 262, 266 (1977), and cases cited therein. The bill of indictment in the case at bar charged defendant only with the statutory offense of larceny by an employee. The elements of that offense are clearly set out in the statute and include as one essential component that the employee initially possess the goods lawfully by virtue of having been entrusted with their possession by his employer. G.S. § 14-74; *State v. Wilson,* 101 N.C. 730, 7 S.E. 872 (1888). While the evidence adduced at trial in this case was sufficient to support a conviction of the offense charged, the judge instructed the jury that they could return one of three verdicts: "Guilty of larceny by an employee, guilty of larceny, not guilty." Thereafter, he charged as to the elements of larceny, and the jury subsequently returned a verdict of "guilty of larceny." That is, the jury found the defendant guilty of common law larceny.

We first point out that a conviction of the offense of larceny, either at common law or under G.S. § 14-72, requires that a trespass, actual or constructive, be shown. *State v. Bullin*, 34 N.C. App. 589, 239 S.E. 2d 278 (1977); *State v. Babb*, 34 N.C. App. 336, 238 S.E. 2d 308 (1977); *State v. Bailey*, 25 N.C. App. 412, 213 S.E. 2d 400 (1975). Not only is this element different from the essential elements of the offense under G.S. § 14-74, it is completely inconsistent with that statute's requirement that the employee gain possession lawfully. The two are wholly separate offenses, and each requires different evidentiary showings. In short, larceny is not a lesser-included offense of larceny by an employee.

Thus, it is not necessary for us to determine whether the evidence in this case could have adequately supported a conviction of larceny, and we express no opinion as to that question. The resolution of the issue raised by this appeal is governed by a fundamental rule of law which was laid down by our Supreme Court as early as 1792 and which had developed under English law as early as 1470. The defendant herein cannot be found "guilty of larceny" because the offense of larceny is not charged in the indictment. *State v. Higgins*, 1 N.C. 36 (1792). "[I]t is still necessary that the technical words, requisite in the description of the offense . . ., be inserted in the indictment." *Id.* at 47.

Since a fatal variance between the indictment and the verdict thereby appears, this Court, *ex mero motu*, arrests the judgment.

Judgment arrested.

Judges CLARK and MARTIN (Harry C.) concur.