STATE OF NORTH· CAROLINA v. HUEY BURKE HICKS

No. 7910SC587

(Filed 4 December 1979)

**Receiving Stolen Goods § 7— felonious possession of stolen goods—insufficient verdict**

Judgment is arrested in a prosecution for felonious possession of stolen goods where one interpretation of the written verdict submitted to the jury by the court would permit the jury to find defendant guilty if it should find that the property was worth more than $200.00 without regard to whether defendant knew or had reasonable grounds to believe that the property had been stolen, and where the jury's verdict of "Guilty of possession of stolen property" failed to find defendant guilty of any crime.

Judge HEDRICK concurring in result.

Judge WELLS joins in the concurring opinion.

APPEAL by defendant from *Lee, Judge*. Judgment entered 18 January 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 13 November 1979.

Defendant was tried, upon indictments proper in form, for breaking and entering and larceny and also for felonious possession of stolen goods. The jury acquitted him of the breaking and entering and larceny charges, but convicted him of felonious possession of stolen goods. He was sentenced to not less than three nor more than five years' imprisonment, suspended for five years upon specified conditions. From judgment imposing sentence, defendant appeals, assigning error.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgett, for the State.*

*Emanuel and Thompson, by W. Hugh Thompson, for the defendant.*

MARTIN (Robert M.), Judge.

When the trial judge submitted possible verdicts to the jury in this case, the one for the offense of possession of stolen property read as follows:

> Guilty of possession of stolen property knowing of [sic] having reasonable grounds to believe that the property was stolen pursuant to a breaking or entering or that the property was worth more than $200.00 OR Not Guilty.

This proposed verdict would allow the jury to convict defendant of felonious possession of stolen property if the jury should find that the property was worth more than $200.00, without regard to whether defendant knew or had reasonable grounds to believe that the property was in fact stolen. The verdict returned by the jury and signed by its foreman merely recites that defendant was found guilty of possession of stolen property, without further stating the basis of the verdict. Because of the ambiguity of the proposed verdict as submitted to the jury, and in view of the fact that the jury's verdict as returned does not in any way dispel the cloud of ambiguity hovering over this matter, we arrest the judgment entered therein.

Judgment in 78CRS71736 arrested.

Judges HEDRICK and WELLS concur in the result.

Judge HEDRICK concurring in result.

I agree that the judgment must be arrested, and that the written verdict submitted to the jury is susceptible of more than one interpretation. However, I believe judgment should be arrested by this Court for the reasons to follow below.

Defendant was charged in a proper bill of indictment with the unlawful and willful possession of certain described property "knowing or having reason to believe the property to have been feloniously stolen, . . . as the result of a breaking and entering of a business warehouse . . . and in that the value of the property exceeded . . . ($200.00)," G.S. § 14-71.1 (1977). At the conclusion of the trial thereon, the judge submitted, in writing, the following possible verdicts:

> Guilty of possession of stolen property knowing of [sic] having reasonable grounds to believe that the property was stolen pursuant to a breaking or entering or that the property was worth more than $200.00 OR Not Guilty.

The jury returned, in writing, signed by the foreman, the following "unanimous verdict": "Guilty of possession of stolen property". Upon motion of the defendant, the jury was polled by the clerk's reading to each individual juror the written verdict submitted by the court (as set out above), and asking if he or she assented thereto. Each juror did assent to the verdict as read by the clerk.

The purpose of G.S. § 15A-1237(a) requiring that "[t]he verdict must be in writing, signed by the foreman, and made a part of the record of the case", is made plain by the Official Commentary to the section. I quote therefrom:

> The provision . . . is new. It is contemplated that the jury will be given a verdict form setting out the permissible verdicts recited by the judge in his instructions. This procedure should cure a great many defects that occur when the foreman of the jury inadvertently omits some essential element of a verdict in stating it orally.

If the express purpose of § 15A-1237(a) is to be achieved, it is essential that the written verdict submitted to the jury be correct in every detail, and that the trial judge not accept a verdict which deviates in any material measure from the permissible verdicts submitted.

Defendant herein assigns as error the denial of his motion for appropriate relief made after verdict and judgment, pursuant to G.S. § 15A-1411. On appeal, he argues that the verdict does not conform to the charge in the bill of indictment, and that the verdict accepted by the court does not support the judgment. Without doubt, the verdict returned by the jury was not one of the permissible verdicts submitted to it. Instead, the written verdict purported to find defendant "Guilty of possession of stolen property". It is hardly necessary to observe that the written verdict, signed by the foreman, fails to find defendant guilty of any crime cognizable under our law. Nor was the defect cured in this case, as the Attorney General argues, by the polling of the jury. In my opinion, the polling, following as it did upon the heels of a thoroughly feckless written verdict, served only to compound the error.

The trial judge committed fatal error in accepting the jury's written verdict. When the impermissible written verdict was returned, the judge should have immediately instructed the jury that its verdict was not acceptable under his instructions. He then should have re-instructed the jury with respect to the permissible verdicts, and ordered the jurors to continue their deliberations until they reached an acceptable verdict in the case. In a criminal case, when the verdict is not responsive to the indictment, or when the verdict is "incomplete, imperfect, insensible, or repugnant", the judge, in the exercise of a limited legal discretion, must refuse to accept it, and direct the jury to retire and bring in a proper verdict. 4 Strong's N. C. Index 3d, *Criminal Law* § 126.4, at 661 (1976).

Since the verdict does not support the judgment, I would treat defendant's assignment of error for the denial of his motion for appropriate relief as a motion for arrest of judgment in this Court, *State v. Daniels*, 43 N.C. App. 556, 259 S.E. 2d 396 (1979), and allow same.

Judgment arrested.

Judge WELLS concurs.