STATE OF NORTH CAROLINA v. CHARLES WAYNE ALLEN, DEFENDANT

No. 926SC463

(Filed 2 November 1993)

1. **Indigent Persons § 19 (NCI4th)— psychiatrist at State expense—denial—no error**
    Defendant failed to demonstrate the need for State funds to employ an independent psychologist and psychiatrist to assist in his defense and the trial court therefore did not abuse its discretion in denying defendant's motion for expert services where defendant was observed at Dorothea Dix Hospital by a doctor, was found to be competent to stand trial and was not diagnosed as suffering from any mental disorder; this finding of competency was made within a short time after the occurrence of the offenses charged against defendant; and defendant assisted with his defense, was under no medication before or at the time of trial, and was coherent at all times during trial.

    **Am Jur 2d, Criminal Law § 733.**

    **Right of indigent defendant in state criminal case to assistance of psychiatrist or psychologist. 85 ALR4th 19.**

STATE v. ALLEN

[112 N.C. App. 419 (1993)]

**2. Criminal Law § 261 (NCI4th) — denial of continuance — no error**

Defendant was not denied a reasonable time to prepare his defense by the trial court's denial of defendant's two motions for continuance, one made four days before trial and one made the day of trial, where defense counsel was appointed 47 days before trial; the probable cause hearing was held 39 days before the start of trial; defense counsel gave no notice that an insanity defense would be raised; and there were no discovery motions pending. N.C.G.S. § 15A-952(g).

**Am Jur 2d, Continuance § 28.**

**3. Kidnapping and Felonious Restraint § 19 (NCI4th) — using victim as shield — second-degree kidnapping — sufficiency of evidence**

Evidence was sufficient to support a verdict of guilty of second-degree kidnapping where it tended to show that defendant unlawfully restrained a man, removed him from one place to another for the purpose of using the man as a shield, and released him in a safe place without serious injury.

**Am Jur 2d, Abduction and Kidnapping § 32.**

**4. Criminal Law § 1169 (NCI4th) — commission of offense while on pretrial release — consideration as aggravating factor proper**

The trial court may consider as an aggravating factor that defendant committed an offense while on pretrial release on a misdemeanor charge, especially an offense which is so closely related to the later charge.

**Am Jur 2d, Criminal Law §§ 598, 599.**      ✦

**5. Criminal Law § 1081 (NCI4th) — sentence — one aggravating factor outweighing three mitigating factors — no error**

The trial court could properly find that the aggravating factor of defendant's preexisting charge of communicating threats to his victim outweighed three mitigating factors of defendant having no record of criminal convictions, defendant suffering from a mental condition that was insufficient to constitute a defense but somewhat reduced his culpability for the offense, and defendant being a person of good character and reputation.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**6. Indictment, Information, and Criminal Pleadings § 9 (NCI4th) — caption listing one offense — body describing another — sufficiency of indictment to charge offense in body**

The warrant and true bill of indictment properly charged defendant with the offense of assault with a deadly weapon upon a law enforcement officer, even if the caption on the true bill of indictment referred to the wrong statute, since the body of the indictment described a violation of the correct statute; the caption is not part of an indictment and can neither enlarge nor diminish the offense charged in the body; and an indictment is sufficient if it apprises defendant of the charge against him with enough certainty for him to prepare his defense and to be protected from subsequent prosecution for the same offense, which the indictment did in this case.

**Am Jur 2d, Indictments and Information §§ 44, 45, 57.**

Appeal by defendant from orders entered 16 October 1991 by Judge J. D. DeRamus, Jr. in Bertie County Superior Court. Heard in the Court of Appeals 13 April 1993.

*Attorney General Lacy Thornburg, by Assistant Attorney General V. Lori Fuller, for the State.*

*Appellate Defender John R. Jenkins, Jr. for defendant-appellant.*

JOHNSON, Judge.

Testimony at trial tended to show the following: Defendant dated Ella Brown for a period of six months; during the Fourth of July weekend in 1991, Ms. Brown told defendant she did not want to see him anymore. On 15 August 1991, prior to the offenses constituting this appeal, defendant was charged with communicating threats to Ms. Brown. Defendant was on pre-trial release from the 15 August 1991 charge when on 19 August 1991, defendant went to Ms. Brown's place of employment, the Perdue Factory, at which time defendant grabbed Ms. Brown's wrist and said, "I'm going to kill you." Defendant reached behind his back, brought out a gun, and dragged Ms. Brown into a hallway with the gun held to Ms. Brown's head. Mr. Billy Lassiter and two officers came upon the scene; Ms. Brown was able to struggle away from defendant and Mr. Lassiter helped Ms. Brown hide under a desk in an-

other office to which Mr. Lassiter had the key. Mr. Lassiter locked this office.

Defendant, looking for Ms. Brown, pointed his gun at Mr. Lassiter and asked where Ms. Brown was located, because defendant was going to kill her. Mr. Lassiter attempted to calm down defendant; defendant said, "The only way you can help me is to go out of the county with me." When Mr. Lassiter replied that he would not go out of the county with defendant, defendant answered, "Yes you are. You don't have any choice."

Defendant grabbed Mr. Lassiter's belt in the back, and pressed his gun into Mr. Lassiter's back. Defendant led Mr. Lassiter through several rooms looking for Ms. Brown. Deputy Ernest Howard approached the two men, and defendant said to him, "Don't bother me. I got a bullet for you too." Deputy Donald R. Cowan approached the men, and defendant, with the gun still in Mr. Lassiter's back, cocked the pistol while releasing Mr. Lassiter's belt, grabbing Mr. Lassiter's shirt collar and white coat collar from behind. Defendant kept Mr. Lassiter's body between himself and Deputy Cowan and told Deputy Cowan if he came any closer, defendant would shoot Mr. Lassiter.

Defendant gripped Mr. Lassiter's collar tighter and steered him out of the building. At this time, a third deputy drove up, got out of his patrol car and pointed his gun at defendant. Defendant placed Mr. Lassiter between himself and the deputy. Mr. Lassiter hit defendant's gun hand so that the gun fired, hitting defendant in the leg. At that point, defendant gave himself up.

Defendant was arrested and charged with seven offenses: first degree kidnapping of Billy Lassiter; assault on law-enforcement officer, Donald R. Cowan; communicating threats to Ernest Howard by telling him he had "a bullet" for him; communicating threats to Ella Brown by orally stating to her that he was going to kill her; assault on female Ella Brown, by grabbing the back of her neck, pushing and shoving her and causing her clothes to be ripped off when she attempted to flee; and going armed to the terror of the people, arming himself with a handgun, pointing it, swinging it in the air, and repeatedly shouting and threatening personnel, thus putting employees in fear of their lives.

On 28 August 1991, attorney John R. Jenkins, Jr. was appointed to represent defendant. On 5 September 1991, in district

court, probable cause hearings on the felonies (first degree kidnapping of Billy Lassiter and assault on law enforcement officer, Deputy Cowan) were held. These two cases were bound over to the superior court for the grand jury. Trials and convictions on the remaining misdemeanor charges were held. These misdemeanor convictions were appealed to superior court.

Upon motion by defendant's attorney, on 12 September 1991, defendant was sent to Dorothea Dix Hospital for determination of defendant's competency to stand trial. On 25 September 1991, Dr. Patricio P. Lara of Dorothea Dix Hospital found defendant competent to stand trial.

On 7 October 1991, true bills of indictment were returned by the grand jury as to the felonies. On 9 October 1991, defendant's motion for authorization and state funds to employ independent psychologist and independent forensic psychiatrist was denied. On 10 October 1991, defendant moved for a continuance, and this was denied. On 14 October 1991, defendant was tried for these offenses. On 16 October 1991, defendant was found guilty of four felonies, kidnapping for the purpose of terrorizing, kidnapping for the purpose of holding a hostage, kidnapping for the purpose of using the victim as a shield, and assault with a deadly weapon upon a law enforcement officer. Defendant was also found guilty of three misdemeanors: communicating threats, assault upon a female, and intimidating a witness. Judgment was arrested for two of the three kidnapping charges. Defendant appealed to our Court.

I.

[1] Defendant first argues:

The defendant's statutory right to supporting services and his constitutional right to have a fair opportunity to present his defenses were denied by the [trial] court's denial of his motion for authorization and state funds to employ independent psychologist and independent psychiatrist, that was filed 9 October 1991, and by the court's denial of his motion to continue for arraignment and trial, in order that defendant's counsel would have time to privately employ an independent psychologist to advise and assist counsel in making adequate and necessary preparation for trial, that was filed 14 October 1991.

The right for an indigent defendant to have the assistance of an expert at state expense "is rooted in the Fourteenth Amend-

ment's guarantee of fundamental fairness and the principle that an indigent defendant must be given a fair opportunity to present his defense." *State v. Parks*, 331 N.C. 649, 655, 417 S.E.2d 467, 471 (1992), *quoting State v. Tucker*, 329 N.C. 709, 718, 407 S.E.2d 805, 811 (1991). *See also State v. Tatum*, 291 N.C. 73, 81, 229 S.E.2d 562, 567 (1976); *State v. Johnson*, 317 N.C. 193, 344 S.E.2d 775 (1986); *Ake v. Oklahoma*, 470 U.S. 68, 84 L.Ed.2d 53 (1985). North Carolina General Statutes § 7A-450(b) (1989) provides "[w]henever a person . . . is determined to be an indigent person entitled to counsel, it is the responsibility of the State to provide him with counsel and the other necessary expenses of representation."

The proper standard for determining whether an indigent is entitled to a state-funded expert to assist in the preparation and presentation of his defense is found in *State v. Moore*, 321 N.C. 327, 335-36, 364 S.E.2d 648, 652 (1988):

In order to make a threshold showing of specific need for the expert sought, the defendant must demonstrate that: (1) he will be deprived of a fair trial without the expert assistance, or (2) there is a reasonable likelihood that it will materially assist him in the preparation of his case. *State v. Johnson*, 317 N.C. at 198, 344 S.E.2d at 778. . . . In determining whether the defendant has made the requisite showing of his particularized need for the requested expert, the court "should consider all the facts and circumstances known to it at the time the motion for psychiatric assistance is made." *State v. Gambrell*, 318 N.C. 249, 256, 347 S.E.2d 390, 394 (1986).

"The appointment of an expert for an indigent defendant is a matter addressed to the trial judge's discretion[.]" *State v. Stokes*, 308 N.C. 634, 644, 304 S.E.2d 184, 191 (1983).

On the facts herein, affidavits from family members and testimony at trial indicate that defendant's breakup with Ella Brown and recent surgery to his face may have contributed to his level of stress preceding 17 August 1991. Further, defendant was observed at Dorothea Dix Hospital by Dr. Patricio P. Lara, and was found to be competent to stand trial and was not diagnosed as suffering from any mental disorder. This finding of competency was made within a short time after the occurrence of the offenses charged against defendant. Defendant assisted with his defense, was under no medication before or at the time of trial, and was

coherent at all times during trial. We find considering all of the evidence, defendant did not demonstrate specific need for such expert services, and we find no abuse of discretion by the trial court as to this matter.

## II.

[2] Defendant next argues the defendant's right to necessary time to prepare and present his defense, as authorized by North Carolina General Statutes § 15A-952(g) (Cum. Supp. 1992) and as guaranteed by U.S. Const. amend. VI and XIV, was denied by the court's denial of his two motions for continuance on 10 October 1991 and 14 October 1991.

North Carolina General Statutes § 15A-952(g) states in pertinent part:

> In superior or district court, the judge shall consider at least the following factors in determining whether to grant a continuance:
>
> (1) Whether the failure to grant a continuance would be likely to result in a miscarriage of justice;
>
> (2) Whether the case taken as a whole is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that more time is needed for adequate preparation[.] . . .

Our Supreme Court has stated "an accused and his counsel shall have a reasonable time to investigate, prepare and present his defense. However, no set length of time is guaranteed and whether defendant is denied due process must be determined under the circumstances of each case." *State v. McFadden*, 292 N.C. 609, 616, 234 S.E.2d 742, 747 (1977) (citations omitted). And, "a motion for continuance is ordinarily left to the sound discretion of the trial court 'whose ruling thereon is not subject to review absent an abuse of such discretion.' " *State v. Bunch*, 106 N.C. App. 128, 131, 415 S.E.2d 375, 377, *disc. review denied*, 332 N.C. 149, 419 S.E.2d 575 (1992), *quoting State v. Branch*, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982). Even where the motion raises a constitutional issue, its denial results in a new trial only when the defendant shows "that the denial was erroneous and also that his case was prejudiced as a result of the error." *Bunch*, 106 N.C. App. at 131-32, 415 S.E.2d at 377; *Branch*, 306 N.C. at 104, 291 S.E.2d at 656.

In *State v. Cobb*, 295 N.C. 1, 243 S.E.2d 759 (1978), our Supreme Court held that because defendant's appointed counsel had nearly six weeks to prepare for trial, where defendant had not yet even exercised discovery, denial of a continuance did not deny defendant's due process rights. In *State v. Moore*, 39 N.C. App. 643, 251 S.E.2d 647, *appeal dismissed by* 297 N.C. 178, 254 S.E.2d 39 (1979), our Court held seventeen days was an insufficient amount of time for defense counsel to prepare for trial. However, in *Moore*, defendant had filed a notice of intent to raise the defense of insanity, and had received no response to a motion for discovery. Further, in *Moore*, evidence showed that key witnesses would be unable to return to North Carolina in order to testify at the time scheduled for trial.

The record in the case *sub judice* reveals defense counsel was appointed on 28 August 1991, forty-seven days before trial on 14 October 1991. The probable cause hearing on the two felonies and trials and convictions in the five misdemeanors at district court occurred on 5 September 1991, thirty-nine days before the start of trial. Defense counsel gave no notice that an insanity defense would be raised, and had no discovery motions pending.

Reviewing all of the facts, we find no abuse of discretion committed by the trial court in its denial of defendant's two motions for continuance on 10 October 1991 and 14 October 1991.

III.

[3] Defendant further argues the trial court erred in denying defendant's motion to set aside the verdict of guilty of kidnapping for the purpose of using Billy Lassiter as a shield "as being contrary to the law and to the evidence."

North Carolina General Statutes § 14-39 (Cum. Supp. 1992) reads in pertinent part:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for a ransom or as a hostage or using such other person as a shield; . . .

(b) There shall be two degrees of kidnapping as defined by subsection (a). If the person kidnapped either was not released by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree and is punishable as a Class D felony. If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the second degree and is punishable as a Class E felony. . . .

Reviewing all of the evidence, we find the elements for second degree kidnapping were met. The evidence shows defendant unlawfully restrained Mr. Lassiter, removed him from one place to another for the purpose of using Mr. Lassiter as a shield, and that Mr. Lassiter was released in a safe place by the defendant and was not seriously injured. We find no error as to this assignment.

## IV.

Defendant's final argument is that "[t]he trial court erred in imposing in the felony case sentence in excess of the presumptive sentence, in finding as an aggravating factor a misdemeanor that had been dismissed, and in finding that one (1) aggravating factor outweighed three mitigating factors; and the judgment [on the charge 'assault on law enforcement officer'] is void."

Defendant had a pre-existing charge of communicating threats to Ella Brown which was filed 13 August 1991. Before the entry of judgments and commitments in the charges stemming from 19 August 1991, the State took a dismissal in the pre-existing charge of communicating threats to Ella Brown. Defendant contends this pre-existing charge is not a meritorious aggravating factor because "that charge was not serious enough to be prosecuted." Further, defendant contends that giving greater weight to this aggravating factor than to three mitigating factors (those being "defendant has no record of criminal convictions," "defendant was suffering from a mental condition that was insufficient to constitute a defense but somewhat reduced his culpability for the offense," and "defendant has been a person of good character or has had a good reputation in the community in which he lives") was "contrary to the evidence and an abuse of the Trial Court's discretion."

[4] We find the trial judge properly considered the pre-existing charge of communicating threats to Ella Brown which was filed

13 August 1991. We note that just as the trial court may properly consider as an aggravating factor "defendant committed the offense while on pretrial release on another felony charge," the trial court may consider that defendant committed an offense while on pretrial release on a misdemeanor charge, especially one which is so closely related to the later charge, as in this case.

[5] We further find, as our Supreme Court has held, the trial judge may properly find that one factor in aggravation outweighs more than one factor in mitigation. "The sentencing judge, even when required to find factors proved by uncontradicted, credible evidence, may still attribute whatever weight he deems appropriate to the individual factors found when balancing them and arriving at a prison term." *State v. Jones*, 309 N.C. 214, 219, 306 S.E.2d 451, 455, *appeal after remand*, 314 N.C. 644, 336 S.E.2d 385 (1983).

[6] Finally, defendant argues because the warrant and true bill of indictment refer to a violation of North Carolina General Statutes § 14-33(b)(4) (1986), when a person "[a]ssaults a law enforcement officer," the judgment should be void, because the judgment was based on a violation of North Carolina General Statutes § 14-34.2(1) (1986), when a "person . . . commits an assault with a firearm or any other deadly weapon upon any . . . law-enforcement officer." We note in the case at hand, although the caption on the true bill of indictment refers to North Carolina General Statutes § 14-33(b)(4), the wording in the body of the indictment describes a violation of North Carolina General Statutes § 14-34.2(1). We note "[t]he caption of an indictment, whether on the front or the back thereof, is not a part of it and the designation therein of the offense sought to be charged can neither enlarge nor diminish the offense charged in the body of the instrument." *State v. Bennett*, 271 N.C. 423, 425, 156 S.E.2d 725, 726 (1967). And, "an indictment is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense." *State v. Lowe*, 295 N.C. 596, 603, 247 S.E.2d 878, 883 (1978). We therefore find the warrant and true bill of indictment properly charged defendant with the offense of assault with a deadly weapon upon a law enforcement officer.

In the trial of defendant's case, we find no error.