STATE OF NORTH CAROLINA v. WILLIAM BURGE, JR.

No. COA10-493

(Filed 17 May 2011)

**Animals— attack by dangerous dog—elements—cost of treatment**

A sentence for a class 1 misdemeanor, attack by a dangerous dog in violation of N.C.G.S. § 67-4.3, was remanded where the warrant omitted the element that the injuries required medical

treatment costing more than $100.00. Resentencing should be for a violation of N.C.G.S. § 67-4.2(a), failure to confine a dangerous dog.

Appeal by defendant from judgment entered 5 November 2009 by Judge Kenneth F. Crow in Lenoir County Superior Court. Heard in the Court of Appeals 27 October 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Joan M. Cunningham, for the State.*

*Ryan McKaig for defendant-appellant.*

GEER, Judge.

Defendant William Burge, Jr. appeals from a judgment sentencing him for commission of a Class 1 misdemeanor based on the jury's finding him guilty of failing to confine a dangerous dog. Because defendant was charged only with violation of N.C. Gen. Stat. § 67-4.2 (2009), a Class 3 misdemeanor, we must vacate and remand for resentencing.

## Facts

The State's evidence tended to show the following facts. In 2007, defendant's two dogs were formally designated as dangerous dogs under N.C. Gen. Stat. § 67-4.1 (2007) by the appropriate county board. As a result of this designation, defendant was required to keep the dogs, if unattended, confined indoors, in a securely enclosed and locked pen, or in another structure designed to restrain the dogs. N.C. Gen. Stat. § 67-4.2(a)(1). Defendant was also notified that it was unlawful for him to allow the dogs to go beyond his real property unless the dogs were leashed and muzzled or otherwise securely restrained and muzzled.

On the morning of 8 July 2008, John Flowers was walking home from a nearby store on a path that ran alongside defendant's property. As he walked down the path, one of defendant's two dogs attacked him, biting both of his arms and one of his legs. Flowers became dizzy, he was in a great deal of pain, and his arms were bloody and swollen. After defendant helped Flowers walk home, Flowers was taken by ambulance to Lenoir Memorial Hospital, where he received treatment for several days. He incurred hospital charges of several thousand dollars.

Officer Pat Smith talked to Flowers at the hospital on 11 July 2008. After speaking with Flowers, Officer Smith spoke with defendant who admitted that his dog had bitten Flowers, but he claimed that

Flowers provoked the dog by "kicking at" it. Officer Smith obtained a warrant for defendant's arrest for violation of N.C. Gen. Stat. § 67-4.2(a). The warrant alleged that defendant "did PERMIT A DANGEROUS DOG TO BE AT LARGE, UNATTENDED ON HIS OWN PROPERTY AND DURING THIS TIME THE DANGEROUS DOG ATTACKED JOHN FLOWERS CAUSING SERIOUS MEDICAL INJURY WHICH REQUIRED TREATMENT AT LENOIR MEMORIAL HOSPITAL."

Defendant pled not guilty in district court. On 29 September 2008, the trial court found him guilty and sentenced him to 10 days in jail. This sentence was suspended and he was placed on unsupervised probation for a period of 12 months. Defendant appealed to superior court. At the end of the two-day trial, the jury found defendant guilty of failing to confine a dangerous dog. The trial court found defendant to be a prior conviction level III offender for misdemeanor sentencing purposes and sentenced defendant to 120 days in jail. That sentence was suspended, and defendant was placed on supervised probation for 48 months. The trial court's judgment specified that defendant had been found guilty of N.C. Gen. Stat. § 67-4.2(a) and that the offense was classified as a Class 1 misdemeanor. Defendant gave timely notice of appeal to this Court.

## Discussion

Defendant contends that he was charged and found guilty of a Class 3 misdemeanor, failure to confine a dangerous dog in violation of N.C. Gen. Stat. § 67-4.2(a), but was erroneously sentenced for a Class 1 misdemeanor, attack by a dangerous dog in violation of N.C. Gen. Stat. § 67-4.3 (2009).

N.C. Gen. Stat. § 67-4.2(a)(1) provides in pertinent part that it is a crime for a dog owner to:

Leave a dangerous dog unattended on the owner's real property unless the dog is confined indoors, in a securely enclosed and locked pen, or in another structure designed to restrain the dog.

N.C. Gen. Stat. § 67-4.2(c) states that a violation of that offense is a Class 3 misdemeanor. On the other hand, N.C. Gen. Stat. § 67-4.3 provides:

The owner of a dangerous dog that attacks a person and causes physical injuries requiring medical treatment in excess of one hundred dollars ($100.00) shall be guilty of a Class 1 misdemeanor.

Here, the warrant for defendant's arrest charged defendant with having violated N.C. Gen. Stat. § 67-4.2(a). The trial court's instruc-

STATE v. BURGE

[212 N.C. App. 220 (2011)]

tions to the jury, however, required the jury, in order to find defendant guilty, to decide whether the State had proven that (1) defendant was the owner of a dog named TJ, (2) TJ was a dangerous dog, (3) defendant left TJ unattended on his property without confining TJ to a secured enclosure or pen or without properly securing TJ, (4) TJ attacked Flowers, and (5) TJ caused injuries to Flowers that required medical treatment in excess of $100.00. This instruction merges the elements of N.C. Gen. Stat. § 67-4.2(a)(1) and N.C. Gen. Stat. § 67-4.3. The judgment then identified the offense as being a violation of N.C. Gen. Stat. § 67-4.2(a), but classified that offense as a Class 1 misdemeanor.

In arguing that he could not be sentenced for a Class 1 misdemeanor, defendant points to the fact that the arrest warrant charged him with violating N.C. Gen. Stat. § 67-4.2, a Class 3 misdemeanor. While the arrest warrant references § 67-4.2, the description of the offense more closely tracks § 67-4.3. The statutory cite in the charging document is not controlling if the wording of the charge sets out the elements of another statutory offense and adequately informs the defendant of the charge against him. *See State v. Allen*, 112 N.C. App. 419, 428, 435 S.E.2d 802, 807-08 (1993) (holding that text of warrant and indictment properly charged defendant with violating N.C. Gen. Stat. § 14-34.2(1) even though charging documents specified that offense was violation of N.C. Gen. Stat. § 14-33(b)(4)).

"As a general rule a warrant following substantially the words of the statute is sufficient when it charges the essentials of the offense in a plain, intelligible, and explicit manner." *State v. Barneycastle*, 61 N.C. App. 694, 697, 301 S.E.2d 711, 713 (1983). The arrest warrant, in this case, alleged each of the elements of N.C. Gen. Stat. § 67-4.3 *except* for the element that the injuries required medical treatment costing more than $100.00.

While our courts have not previously addressed whether an indictment or warrant alleging a violation of N.C. Gen. Stat. § 67-4.3 must include the monetary allegation, our Supreme Court has considered that issue with respect to felony larceny, which requires that the value of the stolen goods be more than a specified amount, and held that an indictment is insufficient in the absence of an allegation that the monetary requirement was met. *See State v. Jones*, 275 N.C. 432, 436, 168 S.E.2d 380, 383 (1969) ("Where neither larceny from the person nor by breaking and entering is involved, an indictment for the *felony* of larceny must charge, *as an essential element of the crime*, that the value of the stolen goods was more than two hundred dollars.").

We see no reason to reach a different conclusion with respect to N.C. Gen. Stat. § 67-4.3. Therefore, because the warrant in this case does not allege each of the elements required by N.C. Gen. Stat. § 67-4.3, defendant could not be convicted of violating that statute. As this Court observed in *State v. Daniels*, 43 N.C. App. 556, 558, 259 S.E.2d 396, 397 (1979), a defendant cannot be found guilty of an offense not charged in the criminal pleading:

> The resolution of the issue raised by this appeal is governed by a fundamental rule of law which was laid down by our Supreme Court as early as 1792 and which had developed under English law as early as 1470. The defendant herein cannot be found "guilty of larceny" because the offense of larceny is not charged in the indictment. *State v. Higgins*, 1 N.C. 36 (1792). "[I]t is still necessary that the technical words, requisite in the description of the offense . . ., be inserted in the indictment." *Id.* at 47.

*See also State v. Scott*, 150 N.C. App. 442, 453-54, 564 S.E.2d 285, 294 (holding that even though it is permissible to convict defendant of lesser included offenses of crime charged in indictment, "the trial court lacks subject matter jurisdiction to try, or enter judgment on, an offense based on an indictment that only charges a lesser-included offense"), *appeal dismissed and disc. review denied*, 356 N.C. 443, 573 S.E.2d 508 (2002).

Defendant does not dispute that the warrant was sufficient to charge him with a violation of N.C. Gen. Stat. § 67-4.2. We, therefore, vacate the judgment in this case and remand for resentencing for defendant's violation of § 67-4.2(a).

Vacated and remanded.

Judges ROBERT C. HUNTER and CALABRIA concur.